T.C. Summary Opinion 2009-87

UNITED STATES TAX COURT

CANDANCE A. DENTON, Petitioner, AND
TIMOTHY DENTON, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19779-06S.                    Filed June 2, 2009.

Candance A. Denton, pro se.

Timothy T. Denton, pro se.

<u>James R. Rich</u>, for respondent.


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

---

[1]Section references are to the Internal Revenue Code of
1986, as amended, in effect for the relevant period.  Rule
references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be cited as precedent for any other case.

In a Final Notice of Determination dated August 10, 2006, respondent denied petitioner's claim for section 6015 relief with respect to the joint and several liability arising from the 2003 joint Federal income tax return filed by petitioner and intervenor (the 2003 joint return). According to that notice, relief was denied because petitioner did not respond to respondent's requests for additional information. In a timely petition filed September 27, 2006, petitioner challenges respondent's determination. Respondent and intervenor oppose allowing petitioner any section 6015 relief. Petitioner readily admits that she was aware of the item or items resulting in the understatement of income shown on the 2003 joint return. Her admission, in effect, requires us to consider only her entitlement to relief under section 6015(f).

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner and intervenor resided at separate addresses in South Carolina.

Petitioner and intervenor were married in 1995. They have two children. They separated in 2005 and were divorced in 2006. As best can be determined from the record, the documents relating to petitioner's divorce contain no references to the then-

outstanding income tax liability from which petitioner now seeks relief.

During 2003 petitioner worked as a waitress at Bob Evans for what she describes as a "very, very short period of time". She also worked as a sales representative at Beauty Systems Group, Inc. (Systems). The record does not reveal the income, if any, that she earned as a waitress. She earned $985 as an employee of Systems, which, she admits, was not reported on the 2003 joint return.

During 2003 intervenor was employed by CDI Services, Inc. (CDI). He was also self-employed as a commercial truck driver during that year primarily, if not exclusively, providing services for Annette Holdings, Inc. (Holdings). The truck he drove was leased from Holdings, and the compensation that he received as a driver for that company was net of lease, insurance, and license fees. Holdings issued intervenor a Form 1099-MISC, Miscellaneous Income, for 2003 showing compensation totaling $41,798. That income is not reported on the 2003 joint return.

Throughout 2003 petitioner and intervenor lived with intervenor's mother in intervenor's mother's modular home. During 2003 intervenor's mother paid for the majority of expenses, including food, utilities, and general household expenses.

As relevant here, the 2003 return shows:  (1) Intervenor's $5,951 wage income from CDI, (2) $1,946 of unemployment compensation not specifically attributed to either petitioner or intervenor, and (3) a $2,390 earned income credit.  As noted, petitioner's earnings from Systems ($985) and intervenor's compensation from Holdings ($41,798) are not reported on the 2003 return (the omitted items).

At the time petitioner signed the 2003 joint return she was aware that the omitted income and her earnings from Systems were not reported on the return.  She expected that intervenor would prepare and file an amended return on which the omitted items and related deductions would be shown.

Respondent's examination of the 2003 joint return resulted in a notice of deficiency that was issued to petitioner and intervenor on April 11, 2005.  The $9,500 deficiency determined in that notice of deficiency takes into account the omitted items (without any offsetting deductions), the disallowance of the earned income credit, and the imposition of a section 1401 self-employment tax on the compensation that intervenor received from Holdings.  Neither petitioner nor intervenor petitioned this Court in response to that notice of deficiency, and the deficiency and section 6662(a) penalty determined in the notice were assessed in due course.  The deficiency is, almost entirely, attributable to the unreported income earned by intervenor.

Petitioner did not challenge the deficiency because she assumed that after an amended return was filed that would take into account deductions relating to the omitted items, the 2003 income tax liability would be substantially reduced.

Discussion

## I.   Introduction

In general, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election for a year, each spouse is jointly and severally liable for the entire Federal income tax liability assessed for that year, whether as reported on the joint return or subsequently determined to be due. Sec. 6013(d)(3); see sec. 1.6013-4(b), Income Tax Regs. Subject to various conditions and in a variety of ways set forth in section 6015, an individual who has made a joint return with his or her spouse for a year may seek relief from the joint and several liability arising from that joint return.

There are three types of relief available under section 6015. In general, section 6015(b) provides full or apportioned relief from joint and several liability, section 6015(c) provides proportionate tax relief to divorced or separated taxpayers, and section 6015(f) provides equitable relief from joint and several

liability in certain circumstances if relief is not available under section 6015(b) or (c).

As noted, petitioner is not entitled to relief under section 6015(b) or (c) because, as she readily admitted, at the time she signed the 2003 joint return she knew that intervenor's income from Holdings and her income from Systems were not reported on that return. See sec. 6015(b)(1)(C), (c)(3)(C).

A taxpayer who does not qualify for relief under section 6015(b) or (c) can be relieved from joint and several liability pursuant to section 6015(f) if, taking into account all the facts and circumstances, it would be inequitable to hold the taxpayer liable for any unpaid tax or deficiency. Sec. 6015(f)(1).

We review, de novo, petitioner's entitlement to relief under section 6015(f). Porter v. Commissioner, 132 T.C. ___, (2009).

II. Section 6015(f) Relief

Petitioner's knowledge at the time she signed the 2003 joint return weighs heavily against her entitlement to section 6015(f) relief. But in considering her entitlement to relief under section 6015(f), her knowledge is only one factor among many to be taken into account, and as we have repeatedly noted, no factor, in and of itself, is determinative. See Stolkin v. Commissioner, T.C. Memo. 2008-211; Beatty v. Commissioner, T.C. Memo. 2007-167; Banderas v. Commissioner, T.C. Memo. 2007-129. To be fair, petitioner's knowledge regarding the omitted items of

income must be considered against her not unreasonable expectation that her 2003 tax liability would be substantially reduced upon the filing of an amended return that would show the omitted items along with allowable deductions related to that income.

Separate and apart from her knowledge at the time she signed the 2003 joint return, or her belief that the errors on that return would be corrected by an amended return, it remains that had petitioner not filed a joint return with intervenor for 2003, her income for that year would not have obligated her to file a Federal income tax return.  Sec. 6012(a)(1)(A).  Furthermore, a large part of the liability from which petitioner seeks relief is attributable to the self-employment tax imposed upon the income intervenor earned as a truck driver for Holdings.

Considering the foregoing, and taking into account the factors the Commissioner considers in matters such as this,[2] see Rev. Proc. 2003-61, 2003-2 C.B. 296, we find that it would be inequitable to hold petitioner liable for the unpaid portion of

_____

[2]Respondent never actually considered those factors. Petitioner's request for sec. 6015 relief was summarily denied because she failed to respond to requests for additional information under circumstances that suggest she might not have been aware of the requests.  See the bench opinion rendered on Sept. 20, 2007, Columbia, South Carolina.  Furthermore, upon review by respondent's Appeals Office after the petition was filed, relief under sec. 6015(f) was not considered because the Appeals officer concluded that petitioner was entitled to relief under sec. 6015(c).

the income tax liability resulting from the 2003 joint return. Petitioner is entitled to relief from that liability under section 6015(f).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.